## JOSEPH B. JOHNSON *vs.* JOHN W. REED.

Middlesex. Nov. 13, 1883. — Jan. 31, 1884. C. ALLEN & HOLMES, JJ., absent.

The intentional non-entry of an action upon a writ in which property has been attached, and the bringing of a new action for the same cause of action, and attaching the same and other property, do not constitute a legal cause of action.

If a declaration does not set forth any known cause of action; even imperfectly, a demurrer assigning that it does not state any legal cause of action is sufficient.

TORT. The declaration alleged that the defendant, an attorney at law, on April 18, 1882, caused a writ to be issued from a police court in his favor as plaintiff, and against the present plaintiff as defendant, and a certain corporation as trustee, and upon said writ the wages for the personal labor of the plaintiff, amounting to $83, were attached in the hands of the trustee by the defendant, and the trustee was summoned to appear in said action; that the defendant, well knowing that, at the return day of said writ, there were sufficient funds attached in the hands of the trustee to satisfy the claim on which the defendant had brought his said action, failed and designedly neglected to enter said action, for the purpose of bringing another action against the plaintiff for the same cause of action; that the defendant, maliciously contriving and wickedly intending to vex, harass, injure, and oppress the plaintiff, commenced another action for the same cause of action against him, and the same corporation as trustee, and attached on the writ therein $83, the wages of the plaintiff in the hands of the trustee, which he had attached in the action so discontinued, together with $48, the wages of the plaintiff which he had earned in the employ of said corporation since the service of the writ in the first action, amounting in the whole to $131.

The defendant demurred to the declaration, on the ground that it set forth no legal cause of action. The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*J. Ladd,* for the plaintiff.

*C. G. Saunders,* for the defendant.

FIELD, J. This is not an action for malicious prosecution. It does not allege either malice or want of probable cause in the first action brought by the defendant against the plaintiff, or want of probable cause in the second action, and that action apparently was pending when the writ in the case at bar was sued out. The plaintiff in this case impliedly admits that the defendant had a good cause of action against him, on which he brought his actions.

The plaintiff attempts to make this an action for the abuse of legal process. His complaint is, that, as in the first action brought by the defendant against him sufficient credits to satisfy the claim were attached in the hands of the trustee, an intentional neglect to enter the writ, the malicious bringing of another suit for the same cause of action, and attaching therein the same credits originally attached and additional credits earned after the service of the first writ, constitute an abuse of legal process for which an action will lie. The credits attached were wages due for the personal labor of the defendant, who is the plaintiff in the case at bar. Such wages are exempt from attachment to the amount of twenty dollars, unless the demand be for necessaries furnished to the debtor or his family, and then to the amount of ten dollars. Pub. Sts. c. 183, § 30. It is not alleged that the attachments were made "for the purpose of unlawfully hindering or delaying the payment of such wages to the person to whom they belong;" and it is unnecessary to consider whether an action can be maintained for a violation of section 32 of c. 183 of the Pub. Sts. The allegation that in the first action "there were sufficient funds attached in the hands of the trustee to satisfy the claim" on which the action was brought, and that in the second action the same credits and others were attached, must be taken to mean that the defendant in those actions had credits lawfully attachable in the hands of the trustee. If this is not the meaning, still the credits beyond the exemption were lawfully attached, and it appears that the credits in the first action were $83, and in the second $131.

We have been shown no case in which it has been held that the intentional non-entry or discontinuance of an action in which property has been attached, and the bringing of a new suit for

the same cause of action, and attaching either the same or other property, constitute a legal cause of action.

For a failure to enter the first writ, the defendant has his costs, and this is the only remedy given. Pub. Sts. *c.* 155, § 23; *c.* 154, § 11. *Harding* v. *Downs*, 110 Mass. 56. *Duffee* v. *Call*, 123 Mass. 318. For maliciously prosecuting a good cause of action in the manner provided by law, for the purpose of recovering damages therein, there is no remedy, because there is no wrong. *O'Brien* v. *Barry*, 106 Mass. 300. The common-law action for abusing legal process is confined to a use of process for the purpose of compelling the defendant to do some collateral thing, which he could not lawfully be compelled to do. *Grainger* v. *Hill*, 4 Bing. N. C. 212. *Page* v. *Cushing*, 38 Maine, 523.

As the plaintiff's declaration does not set forth any known cause of action, even imperfectly, the cause of demurrer could not well be more specifically assigned. *Judgment affirmed.*