HENRY JACOBY *vs.* ISAAC SPECTOR.

Suffolk.     October 11, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Abuse of Legal Process.  Judgment.*

A cause of action for abuse of process was shown if the defendant, with the "wrongful and malicious motive" of harassing the plaintiff and his employer so as to force the plaintiff, through fear of losing his job, to make a certain contract with the defendant, caused numerous attachments of the plaintiff's wages to be made at intervals during a period of several years, upon writs which were not entered in court, except one which was entered but later abated.

Until a judgment by default rendered by a court having jurisdiction
    should be reversed, it was good between the parties, and the judg-
    ment debtor had no cause of action against the judgment creditor
    for abuse of process in obtaining it.

TORT. Writ dated October 16, 1934.

A demurrer by the defendant was sustained in the Superior
Court by *Beaudreau,* J. The plaintiff appealed.

*H. Altman,* for the plaintiff.

*M. Caro,* for the defendant.

PIERCE, J. This is an action of tort with a declaration
in three counts. Count 1 alleges in substance that the wife
of the plaintiff in June, 1928, purchased of the defendant
certain articles of household furniture, on which she paid a
deposit and agreed to pay the balance of the purchase price
in weekly instalments; that furniture purporting to be the
furniture selected and purchased was delivered by the de-
fendant at the plaintiff's home; that some of the articles
purchased were not among the articles delivered and some
were different in quality and construction; that the plain-
tiff and his wife notified the defendant that they were
unwilling to accept the furniture delivered and made
demand that it be removed and the deposit returned to
them; that the defendant "failed, refused and neglected"
to remove said furniture or to return the deposit; and that
the plaintiff and his wife notified the defendant that the
furniture would be "kept by them subject to the defendant's
orders." The count further alleges, in substance, the fol-
lowing facts: In September, 1928, the defendant "with the
intent and purpose of forcing your plaintiff to accept the
furniture delivered and to sign a contract prepared by the
defendant," which, among other things, included an assign-
ment of the plaintiff's wages to the defendant, caused a
series of attachments to be made at his place of employ-
ment. Although these attachments purported to be author-
ized by a writ of the Municipal Court of the City of Boston,
no entry of the writ was made in that court. In October,
1928, a writ issued from the Municipal Court returnable
in November, 1928; in October, 1931, a writ issued from
said court returnable on November 14, 1931; in June, 1932,

a writ issued from said court which was returnable in that court. A series of attachments affecting the plaintiff's wages at his place of employment and purporting to be authorized by said writs was served; no one of these writs, on its return day, was entered in the Municipal Court of the City of Boston. In January, 1934, a further series of attachments was made affecting the plaintiff's wages, and purporting to . be authorized by a writ returnable to the Municipal Court of the City of Boston on February 17, 1934. This writ was entered on its return day, and thereafter, upon hearing by the court, was abated, and judgment was entered for the defendant. In October, 1934, the defendant commenced another series of attachments affecting the plaintiff's wages, which purported to be authorized by a writ returnable in the Municipal Court of the City of Boston; no service has been made on the plaintiff and no record thereof appears in said court. On October 26, 1934, on the application of the plaintiff, the defendant was enjoined from making any further attachments of the plaintiff's wages. The first count further alleges that the numerous attachments were made or caused to be made "with a wrongful and malicious motive" and were "part of a conspiracy" by the defendant and those assisting him so to "harass the plaintiff and his employer . . . that the plaintiff would be forced, through fear of losing his job, to submit to the defendant's unlawful and wrongful demands, and compelled to sign the contract prepared by the defendant which would make him unconditionally liable to the defendant for the furniture shipped, although said furniture was not the furniture purchased or selected by the plaintiff's wife and was not wanted by the plaintiff"; that the plaintiff as a consequence of the defendant's malicious and abusive conduct has been put to great expense in engaging the services of an attorney and "was deprived for a long period of time of. his wages, which prevented him from supplying the necessities of life for himself and his family."

To this count the defendant demurred and assigned as grounds, (1) "'That Count 1 of said declaration states no substantive facts necessary to constitute a cause of action'';

(2) "That said declaration does not state concisely and with substantial certainty the substantial facts necessary to constitute a cause of action"; and (3) "That said count is verbose, confusing and ambiguous and contains therein matter irrelevant to the alleged cause of action." In support of his position that count 1 states no substantive facts necessary to support a cause of action, the defendant relies upon *Johnson* v. *Reed,* 136 Mass. 421, wherein it was decided that the intentional nonentry of an action upon a writ upon which property has been attached and the bringing of a new action for the same cause of action and attaching the same and other property do not constitute a legal cause of action.

The plaintiff does not dispute the general principle of law, but contends that the fact admitted by the demurrer, "That the numerous attachments made or caused to be made by the defendant affecting the plaintiff's wages were . . . made with a wrongful and malicious motive . . . to . . . harass the plaintiff and his employer so that the plaintiff would be forced, through fear of losing his job, to submit to the defendant's unlawful and wrongful demands, and compelled to sign the contract prepared by the defendant which would make him unconditionally liable to the defendant for the furniture shipped, although said furniture was not the furniture purchased or selected by the plaintiff's wife and was not wanted by the plaintiff," distinguishes the case at bar from an action brought for maliciously prosecuting a good cause of action in the manner provided by law, and presents the common law action for the malicious abuse of legal process to compel the plaintiff to do some collateral act which he could not lawfully be compelled to do. *Johnson* v. *Reed,* 136 Mass. 421, 423.

We think that count 1 sufficiently charges an intentional and malicious abuse of process in a matter collateral to the prosecution of any good cause of action by the defendant against the plaintiff. We further think that count 1 is not obnoxious to the remaining grounds assigned by the defendant in support of his demurrer.

Counts 2 and 3 of the declaration allege in substance

certain acts of deceit whereby the plaintiff in reliance on such acts was led to take no action to vacate a default judgment against him in the Dorchester District Court. The judgment thus obtained was rendered by a court of competent jurisdiction and consequently until reversed is good between the parties. Until reversed the plaintiff can have no action for damages against the defendant for any alleged abuse of process. *Heard* v. *Calkins*, 234 Mass. 526, 529. The defendant's assignments of reasons for sustaining the demurrer to counts 2 and 3 of the declaration were well taken.

It follows that the order sustaining the demurrer is reversed as to count 1 and affirmed as to counts 2 and 3.

*So ordered.*