**LEIDY et al. v. CONNOR et al.**

Civ. No. 6821.

District Court, E. D. Pennsylvania.
March 14, 1947.

Michael C. McManus, of Philadelphia, Pa., for plaintiffs.

Jas. E. Gallagher, Jr., of Philadelphia, Pa., for defendants.

McGRANERY, District Judge.

This is an action for damages allegedly arising under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq. Plaintiffs' complaint alleges that in May, 1944, they became tenants of the defendants, who had purchased the leased premises a short time before. Since late 1945, defendants have attempted to get their tenants out of the premises, and on January 22, 1946, obtained from the Office of Price Administration a Certificate Relating to Eviction. In the application for this certificate under Section 6(b) (2) of the Office of Price Administration's Regulations, plaintiffs aver, and defendants do not deny, that the defendants stated under oath that they would remove the premises permanently from the rental or sales market. Certificates under Section 6(b) (2) are granted for occupancy by the landlord. Plaintiffs further allege that defendants are now trying to sell their property contrary to the statement in their affidavit and to the Regulations of the Office of Price Administration, which plaintiffs say require permission of the area rent director for sale after repossession by a landlord under Section 6(b) (2). Defendants are still living in the premises they repossessed.

Defendants have moved to dismiss the complaint, alleging that this court has no jurisdiction over this suit, and that, in any event, since defendants have violated no Regulation of the Office of Price Administration, the plaintiffs have not stated a claim upon which relief can be granted. Since the court feels that the defendants' jurisdictional point is well taken, it need not consider the second point.

The section of the Emergency Price Control Act of 1942, § 205(e), upon which plaintiffs rely, 50 U.S.C.A.Appendix, § 925 (e), states that: "(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person

who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. * * * For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. * * *"

Plaintiffs claim not an overcharge of rent by the defendants, but a wrongful eviction, which has caused plaintiffs monetary damage. Assuming the worst possible aspect of defendants' actions; i. e., that they deliberately misstated the facts in the petition to the Office of Price Administration, the court cannot assume jurisdiction to entertain a suit not provided for by the statute. Since evictions must be accomplished under the statute and by the authority vested in the Office of Price Administration, the tenant is not without protection. Questions of good faith may properly be raised before the Office of Price Administration and appeal from the Administrator's order may be had. Parker v. Fleming, 67 S.Ct. 463, 91 L.Ed. ——. Moreover, the statute provides for criminal sanctions under Section 205(b) of the Act. This is to guarantee truthful assertions in petitions for certificates of eviction.

Defendants' motion to dismiss the complaint granted.