**FLEMING, Administrator, Office of Temporary Controls,[1] et al. v. POSTERNOCK et al.**

**Civil Action No. 5924.**

District Court, E. D. Pennsylvania.
May 19, 1947.

Conrad G. Moffett, of Philadelphia, Pa., for plaintiff Philip B. Fleming.

Joseph S. Conwell, Jr., of Philadelphia, Pa., for plaintiffs John N. White and Henry Henderson.

Henry Weiss, of Philadelphia, Pa., for defendants.

BARD, District Judge.

Defendants' motion for judgment presents two questions:

[1] Philip B. Fleming was substituted for Paul A. Porter, the original plaintiff, on February 13, 1947.

1. May the aggrieved tenants, in an action under § 205(e) of the Emergency Price Control Act of 1942,[2] recover damages for wrongful eviction from their landlord?

2. Where the Administrator has instituted enforcement proceedings against the landlord under § 205(a) of the Emergency Price Control Act of 1942,[3] seeking to enjoin further violation of the Act, may the Court grant the further prayer of the Administrator for an order compelling the landlord to pay damages for wrongful eviction to the aggrieved tenants?

In the instant case, the tenants intervened in an action already commenced by the Administrator against their landlord, arising out of alleged rental overcharges and eviction in violation of Section 6 of the Rent Regulation for Housing. The Administrator requested the Court to enjoin certain further violations of the Emergency Price Control Act. The tenants demanded damages for the rental overcharges, and for financial losses suffered as a result of their wrongful eviction. The Administrator joined in the tenants' prayer for damages for wrongful eviction, stating that he was asking the Court to enter an order compelling the payment of damages under § 205(a) of the Act as "other and further relief."

■ Considering first the question of the tenants' right of action for damages for wrongful eviction, it must be recognized that whatever right of action is conferred upon them, as private individuals, under the Emergency Price Control Act, must arise under § 205(e) of the Act. There is no provision in § 205(e) whereby damages may be recovered by the tenants for wrongful eviction. The tenants' appeal to this Court, as a court of equity, to afford them this additional relief as a means of doing "complete justice," completely overlooks the fundamental fact that a court, in giving relief under § 205(e), acts as a court of law, rather than a court of equity. Porter v. Warner Holding Co., 328 U.S. 395, 402, 66 S.Ct. 1086, 90 L.Ed. 1332. The fact that the tenants intervened in an equitable action already commenced by the Administrator under § 205(a) does not entitle the tenants to additional relief on equitable grounds, to which they would not have otherwise been entitled; they were permitted to intervene only because their complaint, and that of the Administrator, presented common questions of fact and of law which the Court felt could be adjudicated most expeditiously together, without prejudice to any party.

■ Since § 205(e) is the only section of the Emergency Price Control Act which confers a right of action upon private individuals, and that section does not provide for an action for damages for wrongful eviction, my conclusion is that this Court may not grant the tenants a remedy not provided for them by the statute; accordingly, as to the complaint of the tenants, the defendants' motion for judgment is granted. See opinion by Judge McGranery of this Court in Leidy v. Connor, D.C., 70 F.Supp. 1022.

■ I pass now to a consideration of the Administrator's prayer for an order compelling the landlord to pay damages for wrongful eviction to the tenants. By instituting proceedings for injunctive relief under § 205(a) of the Emergency Price Control Act, the Administrator has invoked the equitable jurisdiction of this Court. It is therefore necessary to determine whether, under the decision of the Supreme Court in Porter v. Warner Holding Co., supra, this Court has jurisdiction to grant the relief requested by the Administrator.

In Porter v. Warner Holding Co., the Supreme Court upheld the jurisdiction of the District Court, in a proceeding by the Administrator under § 205(a), to order restitution by the landlord of rents collected in excess of the maximum legal rents. I recognize that the instant case does not involve the question of restitution; the landlord never received any benefit whatever from the money which the tenants were allegedly obliged to expend as a consequence of their wrongful eviction.

---

[2] As amended, 58 Stat. 632, 640, 641, 50 U.S.C.A. Appendix, § 925(e).

[3] 56 Stat. 23, 33, 50 U.S.C.A.Appendix, § 925(a).

Although the instant case does not involve restitution, I think, nevertheless, that the principles and reasons underlying the decision in Porter v. Warner Holding Co. would support the issuance of the order presently requested by the Administrator. It seems to me that the relief here sought might qualify under either of the two theories which sustained the restitution order in Porter v. Warner Holding Co., namely: (1) as an equitable adjunct to an injunction decree, or (2) as an order appropriate and necessary to enforce compliance with the Emergency Price Control Act.

Inasmuch as the relief here requested is in the nature of damages, it may appear that difficulty is presented by that portion of the opinion in Porter v. Warner Holding Co. which reads, commencing at 328 U.S. at page 401, 66 S.Ct. at page 1090, 90 L.Ed. 1332:

"* * * To the extent that damages might properly be awarded by a court of equity in the exercise of its jurisdiction under § 205(a), * * * § 205(e) supersedes that possibility and provides an exclusive remedy relative to damages. It establishes the sole means whereby individuals may assert their private right to damages and whereby the Administrator on behalf of the United States may seek damages in the nature of penalties. * * * But with the exception of damages, § 205 (e) in no way conflicts with the jurisdiction of equity courts under § 205(a) to issue whatever 'other orders' may be necessary to vindicate the public interest, to compel compliance with the Act and to prevent and undo inflationary tendencies."

It is my interpretation of the above-quoted language that the Court was there speaking with regard to the precise problem before it—that is, that the word "damages," as there used, refers to damages for *overcharges*. As I understand that language, it means only that one may not obtain from a court of equity a remedy provided for him by § 205(e) of the Act. As I have previously indicated, § 205(e) affords no remedy of damages for wrongful eviction; therefore, § 205(e) in no way conflicts with the jurisdiction of an equity court to grant the relief here requested.

My conclusion is that this Court has jurisdiction to consider whether the order requested by the Administrator is necessary or proper under the circumstances here present. Accordingly, as to the prayer of the Administrator for an order compelling the landlord to pay damages to the tenants for wrongful eviction, the defendants' motion for judgment is denied.

