## Goldberg et ux. v. Shulberg et ux.

*David Kanner*, for plaintiffs.

*Mayer, Magaziner & Brunswick*, for defendants.

KUN, J., February 6, 1948.—This is a very extraordinary suit with respect to the damages claimed. Plaintiffs were tenants of defendants in an apartment at $50 a month, and assert that defendants obtained an authorization from the Office of Price Administration to evict them on the alleged false representation that they required the rented premises for their own occupancy but did not thereafter occupy the same, in consequence of which plaintiffs were obliged to purchase a property for $10,000 because of the "housing

shortage" whose "fair value" was only $8,000, and they claim the difference of $2,000 damages. The mere statement of the claim shows its illusory character. We mention this point first because, even if plaintiffs' claim were otherwise sustainable, the damages claimed could not possibly be recovered because only such damages are recoverable which are the necessary consequence of a defendant's wrongful act, a consequence flowing in an unbroken chain from the alleged misrepresentation. It is conceivable in a transaction of this kind that, if there were no other legal objections to the nature of the claim, a wrongfully evicted tenant might recover any increased rental for comparable premises, cost of removal, and the like, but to permit a person who occupied an apartment merely as tenant to predicate his claim for damages for an alleged unlawful eviction on the actual purchase of a whole building, in no way comparable, or related to the apartment which he had formerly occupied as tenant, and recognize the right to recover the difference between what he paid for the property and what he claims was the fair value of it would sanction the embarkation of litigation on a sea of imagination, illusion, speculation and fantasy far beyond any area of legal consideration which has as yet been evolved. The claim of damages here demonstrates by its own recital that it could not be properly considered as proximately resulting from the alleged wrong.

Defendants' objections could be sustained on this ground alone, and the matter disposed of, but there are a number of other vital deficiencies in plaintiffs' claim which we will consider:

The suit is by Benjamin Goldberg and Anna Goldberg, his wife. The preliminary objections, by reference to a public record, point out that the property purchased as alleged at excessive cost was deeded not to plaintiffs alone but to them and a third party, all of whom hold the title. It is apparent, therefore, that

there is a nonjoinder of an indispensable party. The objection is well taken and requires dismissal of the action: Hertz v. Record Publishing Co. of Erie, 60 D. & C. 591. No doubt the third-party title holder was omitted because to have included him would have been objectionable for the reason that he never had any relation with defendants as tenants, or otherwise.

Aside from the foregoing considerations, defendants make the contention that the very essence of the nature of plaintiffs' claim is not supportable on legal principles. Plaintiffs and defendants entered into a written lease. It is clear that the only rights and obligations of the parties were those created by the lease, under applicable principles of law relating to landlord and tenant, as defined by the courts of Pennsylvania. In eviction proceedings under the lease, any defense thereto had to be asserted by the tenant in the eviction proceedings. Because of a National emergency, the Congress, by statute, imposed certain limitations upon the relation of landlord and tenant and created rights and remedies in respect thereto and a Federal agency for the enforcement of those rights. Did this action on the part of Congress entirely destroy the basic concept mentioned, that the rights and remedies of the parties must be found in their contract? The law is that it did not, excepting only to the extent that the statute provided.

While the statute made provision for valuable benefits and rights to a tenant, principally the right to recover treble damages in case of overcharge of rental by the landlord, there is nothing in the statute which gives plaintiffs the right or cause of action asserted in this case, that is, to recover damages because of alleged false statements by a landlord in obtaining an eviction notice. This was pointed out by Judge McGranery of the United States district court in Leidy et al. v. Connor et al, 70 F. Supp. 1022, sustaining a motion to dismiss a similar suit in that court. (It is

stated in defendants' brief in the case before us that plaintiffs here had filed a similar suit in the United States district court and, a motion to dismiss the action having been filed on the basis of the decision of Judge McGranery in the Leidy case, the suit there was abandoned and the instant suit thereafter filed.) Judge McGranery's summary after sustaining the motion to dismiss is so concise and to the point that it merits quotation (p. 1023):

"Plaintiffs claim not an overcharge of rent by the defendants, but a wrongful eviction, which has caused plaintiffs monetary damage. Assuming the worst possible aspect of defendants' actions; i. e., that they deliberately misstated the facts in the petition to the Office of Price Administration, the court cannot assume jurisdiction to entertain a suit not provided for by the statute. Since evictions must be accomplished under the statute and by the authority vested in the Office of Price Administration, the tenant is not without protection. Questions of good faith may properly be raised before the Office of Price Administration and appeal from the Administrator's order may be had. Parker v. Fleming, 67 S. Ct. 463, 91 L. Ed. 395. Moreover, the statute provides for criminal sanctions under Section 205(b) of the Act. This is to guarantee truthful assertions in petitions for certificates of evictions."

To the same effect is Reichback v. Pluchino, 117 N. Y. L. J. 381, in which Justice Conroy said: "There is no statutory provision or regulation which would give rise to an action such as this upon the mere failure of the owner to occupy the premises after such a proceeding".

These rulings are in accordance with the principle that where new rights and obligations are created by statute which did not theretofore exist, the only remedies available are those which the statute grants, and the remedy asserted must be found in the statute: Blumenstock Bros. v. Curtis Publishing Co., 252 U. S.

436; Curran v. Delano, 235 Pa. 478; Gerber's Estate, 337 Pa. 108; Era Co. Ltd. v. Pittsburgh Consolidation Coal Co., 355 Pa. 219. The cases cited by plaintiffs to support their position fail, it seems to us, to take into account this guiding principle. We are of the opinion that the Leidy and Reichback cases express the sound law on the subject.

In view of this disposition of the matter, we do not deem it necessary to pass on other questions raised by the objections. On any, or several of the grounds mentioned, the preliminary objections of defendants must be sustained.

So ordered.

---

EDITOR'S NOTE.—Cf. Cohen et ux. v. Seidman et ux., 63 D. & C. 271.