MATILDA J. NOYES, administratrix, *vs.* WILLIAM L. SHANAHAN.

Essex.    December 7, 1949. — April 4, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant,* Eviction, Federal control.  *Abuse of Legal Process. Price Control.*

A tenant, against whom judgment for possession of his apartment was entered in an action of summary process instituted by the landlord pursuant to a certificate from Federal authorities issued under the Federal rent regulations on the landlord's representation that he desired possession for his own use and occupancy, and who, pending a stay of the execution on the judgment, moved out of the apartment "in reliance upon [the landlord's] actual and implied representations," had no standing to maintain against the landlord an action of tort either for "illegal eviction" or for abuse of process grounded on the fact that the landlord never occupied the apartment after it was so vacated.

TORT.    Writ in the Superior Court dated April 15, 1947.

Upon the plaintiff's opening, *Brogna,* J., ordered a verdict for the defendant.

*C. J. Ingram & T. S. Bubier,* (*N. G. Curuby* with them,) for the plaintiff.

No argument nor brief for the defendant.

QUA, C.J.    This action of tort was brought by the plaintiff's intestate, hereinafter called the plaintiff, in his lifetime, in two counts.  Count 1 is headed "Illegal Eviction." Count 2 is headed "Abuse of Process."  These headings correctly describe the two counts, which are no broader in their scope than their titles indicate.  We deal with the case as involving only "eviction" and "abuse of process."  The plaintiff further alleges that both counts are for the same cause of action, and that he relies on the emergency price control act of 1942 as amended and the regulations thereunder.  The trial judge ordered a verdict for the defendant on the plaintiff's opening.

The facts which the plaintiff in his opening offered to prove were in substance these: The defendant, having acquired title to the premises in 1946, applied to the Federal authorities for a certificate, necessary in the circumstances under the regulations, in order to obtain possession. He stated in writing that he desired possession for his own use and occupancy. A certificate was issued authorizing the defendant to evict the plaintiff for the personal occupancy of the defendant. At the bottom of the certificate was the following, "Notice to Court and Landlord. This certificate shall not be effective to authorize the eviction of the tenant herein named under the Federal Rent Regulations for any purpose other than that stated above." Thereafter the defendant gave to the plaintiff a notice to terminate his tenancy, stating therein that he desired possession for his own personal occupancy, and then brought in a District Court an action of summary process against the plaintiff, and when the writ was entered he filed with it a statement "on the form that was then in common use and required in such cases" that he desired to evict the present plaintiff for the personal occupancy of the present defendant. After a hearing in the District Court execution was stayed until April 1, 1947. At some time before April 1, 1947, the defendant formed the intention of not occupying the premises himself but of having someone else occupy them, but did not disclose that intention to the plaintiff. The plaintiff "in reliance upon the actual and implied representations" that the defendant desired possession for his own personal occupancy, moved out of the premises. The defendant never occupied the premises vacated by the plaintiff, but he did "cause or permit" the tenant of the first floor to move to the third floor, which the plaintiff had vacated, and himself moved into the first floor. There was also an offer to show that the plaintiff was an elderly blind man; that he was substantially inconvenienced by leaving surroundings with which he was familiar; that he was confined to the house where he went to live; and that he bumped into objects and stumbled over them.

There would seem to be a serious question whether the alleged cause of action, or any part of it, survived. G. L. (Ter. Ed.) c. 228, § 1, as appearing in St. 1934, c. 300, § 1. But as the point seems not to have been taken and has not been argued before us, and as the practical result of the case will be the same in any event, we prefer to pass the point, without, however, intending to create a precedent.

The question before us is whether the offer of proof made in the opening disclosed a case within either of the counts of the declaration. *Douglas* v. *Whittaker,* 324 Mass. 398. *Stevens* v. *Nichols,* 155 Mass. 472. We confine ourselves to that question.

The rent regulations for housing in force prior to the housing and rent act of 1947[1] permitted an owner in the position of the defendant to recover possession of premises in good faith "for immediate use and occupancy as a dwelling for himself," and further, so far as pertinent, provided, " (1) Removals not inconsistent with act or regulation. No tenant shall be removed or evicted . . . unless, on petition of the landlord, the Administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law. . . . (2) Occupancy by purchaser. A certificate shall be issued authorizing the pursuit of local remedies to remove or evict a tenant of the vendor, for occupancy by a purchaser who has acquired his rights in the housing accommodations on or after the effective date of regulation . . . ." Rent Regulation for Housing, § 6 (*a*) (6), (*b*) (1) (2), 10 Fed. Reg. 3441, and 11 Fed. Reg. 12061.

1. There was no tortious eviction. The bringing by the defendant of an action for possession and carrying it to judgment in his favor is certainly not in itself a tort. But it is argued that it was a tort in this instance because the defendant did not in fact intend to occupy the premises himself. If the argument were sound, the tort could hardly be described as an eviction. Malicious prosecution of an action would seem more nearly to describe it, but if rested on that

---

[1] Act of June 30, 1947, 61 U. S. Sts. at Large, 193.

ground the present action would be open to the fatal objection that the former action did not terminate in favor of the present plaintiff. The great and insuperable difficulty with the plaintiff's case is that it is an attempt to go behind the judgment in the summary process action and to rest a new case upon issues which must necessarily have been decided heretofore against the plaintiff. It could be argued with force that the questions of the defendant's purpose and right to bring the summary process were finally determined in the administrative field by the mere issuance of the certificate. See *Parker* v. *Fleming*, 329 U. S. 531; *Alabiso* v. *Schuster*, 273 App. Div. (N. Y.) 655, 657; *Jones* v. *Shields*, 63 Cal. App. (2d) Sup. 846; *Yoncich* v. *Quinn*, 69 Cal. App. (2d) Sup. 810; *816 Fifth Ave. Inc.* v. *Leonard*, 188 Misc. (N. Y.) 728, 729–730, 734. If this is not correct, it would seem that these questions must have remained open for determination and must have been determined at the hearing of the summary process. *David* v. *Fayman*, 273 App. Div. (N. Y.) 408, affirmed 298 N. Y. 669. To attempt at least to leave these questions still open for further consideration in the State courts may have been the object of inserting the "Notice to Court and Landlord" at the bottom of the certificate. See *Bauer* v. *Neuzil*, 66 Cal. App. (2d) Sup. 1020, 1029–1030. Whatever view is taken of the effect of the certificate, the plaintiff in this case who relies solely upon alleged bad faith of the defendant in prosecuting the summary process action, in which the defendant was successful, is in no position to show such bad faith. He stands in no better position than did the respective plaintiffs in *Gabriel* v. *Borowy*, 324 Mass. 231, 235, and in *Sher* v. *Perlman*, 324 Mass. 390, 392, in each of which cases the plaintiff failed for the same reason that must cause the present plaintiff to fail. Since the case fails for lack of a necessary element in the cause of action, no plea of res judicata was necessary.

2. The case stands no better as an action for abuse of process. In *Gabriel* v. *Borowy*, 324 Mass. 231, at page 236, we said, "To constitute a cause of action for this tort it must appear that the process was used to accomplish some ulterior

purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." To the cases there cited may be added *Johnson v. Reed,* 136 Mass. 421, 423, *Zinn v. Rice,* 154 Mass. 1, *Shaw v. Fulton,* 266 Mass. 189, 191, *Jacoby v. Spector,* 292 Mass. 366, 369, and Restatement: Torts, § 682, including comment a. In the present case the only process involved was the original writ in the action of summary process, and there was no offer to show that that writ was used for any purpose other than the one for which it was designed of removing the tenant. In *Paine v. Kelley,* 197 Mass. 22, upon which the plaintiff relies, the action was for false imprisonment, and a very different situation was presented.

*Exceptions overruled.*