GEORGE K. MURPHY and SARAH L. MURPHY, his wife, Plaintiffs, v. T. B. O'TOOLE, INC., a corporation of the State of Delaware, and GEORGE-BAYARD, INCORPORATED, a corporation of the State of Delaware, Defendants.

(*October* 31, 1950.)

LAYTON, J., sitting.

*David A. Eastburn* and *John M. Bader* for the Plaintiffs.

*Killoran* and *Van Brunt* for the Defendants.

Superior Court for New Castle County, No. 212, Civil Action, 1950.

LAYTON, J.:

The complaint sets forth all the allegations necessary to support an action in tort based upon fraudulent misrepresentation. The question presented is whether such an action can be maintained in the face of the defense that it amounts to nothing more than a collateral attack upon the judgment of the Area Rent Director granting the certificate of eviction.

It is a well settled principle that Courts will not countenance a collateral attack upon a previous administrative determination until all administrative remedies have been first exhausted. But I think that this principle should not be applicable to a case where one party uses such an administrative proceeding as a tool

to accomplish a fraud upon another who is powerless to defend. By that I mean this. Very generally evidence of fraudulent intent is buried in the mind of the perpetrator of the fraud. Such is the case here. Suppose that Plaintiffs had appeared and contested the petition for the certificate of eviction. Upon what evidence would they have defended the petition? None, because they had no reason to disbelieve the allegations of the verified petition. Obviously, then, the Rent Director would have been obliged to grant the certificate. And further suppose that Plaintiffs had appealed from the determination of the Director. Upon what grounds would this appeal have been based? Again, none, because of lack of evidence. So that, inevitably, an order denying the appeal would be handed down, thereby exhausting Plaintiffs' administrative remedies. Thus analyzed, it is apparent that no evidence of fraud on the part of the Landlord normally would or could come to light until after the tenants had exhausted their administrative remedies, vacated their home and thereafter discovered that the Landlord did not proceed with his expressed intention to demolish the building. To apply the doctrine of exhaustion of administrative remedies under such facts would be completely futile and meaningless.

 There is authority for this conclusion. *Alabiso v. Schuster,* 273 *App.Div.* 655, 80 *N. Y.S.2d* 314, 317, is a case based upon almost identical facts. There the Court said: "In this action, the plaintiff (tenant) does not seek to set aside the certificate. He recognizes its finality. The fact that it is final unless attacked under the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq., does not, we think bar a common law action for fraud and deceit in which the issuance of the certificate is only a step in the overall fraud. The fraud is essentially in the deceitful method employed to obtain the certificate and in its use. A judgment may be fully recognized and be unimpeachable but that does not bar an action for fraud and deceit. The judgment is but a means of perpetrating the fraud."

■■ Whether the result should be based on the theory of intrinsic, as opposed to extrinsic, fraud, as the New York Court reasoned, or upon an exception to the rule of exhaustion of administrative remedies, is not important to me. I would be more inclined, as have a few Courts, to say that when the facts of a given case reveal that compliance with the rule of exhaustion of administrative remedies would have been futile, then the rule should not be applied. 42 Am.Jur. Sec. 200, p. 585. In any event, I am of the opinion that Plaintiffs' motion to strike should be granted.

■ What has been said here is in reliance upon facts alleged in the complaint which must be taken as true for the purpose of deciding this motion. Whether these Plaintiffs hereafter will be able to prove their allegations and what their damages may be must await the decision of the trial Court.

Motion granted.