MANSOUR GABRIEL *vs.* JOHN BOROWY & another.

Essex. December 7, 1950. — January 4, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Landlord and Tenant*, Eviction, Termination of tenancy. *Abuse of Legal Process. Deceit. Fraud. Res Judicata.*

The mere sustaining of a demurrer to a declaration for its insufficiency in stating a cause of action, followed by this court's overruling an exception thereto and ordering judgment for the defendant and by the consequent entry of such judgment, did not bar a subsequent action by the same plaintiff against the same defendant even though based on the same transaction.

Allegations in a declaration, that the landlord of a tenement subject to the Federal housing and rent act of 1947, falsely representing that he desired to secure possession of the tenement for his own occupancy, although his true intent was to make the property more saleable, caused a notice to quit to be served on the tenant and brought against him an action of summary process in which there were judgment and execution for the landlord, that thereafter, before learning of the landlord's fraud, the tenant purchased a home because of "the pres-

sure exerted upon him by" the judgment and execution and vacated the tenement, and that, upon learning of the fraud, the tenant secured a reversal of the judgment and a finding in his favor in the summary process action, did not show either a wrongful eviction or an abuse of process by the landlord.

A cause of action for deceit was stated by a declaration alleging that the landlord of a tenement subject to the Federal housing and rent act of 1947, knowingly representing falsely to the tenant that he desired to secure possession of the tenement for his own occupancy and intending that the tenant should act on such misrepresentation, caused a notice to quit to be served on the tenant and brought an action of summary process against him, that in reliance on such misrepresentation the tenant "submitted to judgment" for the landlord in the summary process action and vacated the tenement, and that through the landlord's fraud the tenant suffered "great expense" and "great financial loss."

ToRT. Writ in the Superior Court dated June 2, 1949.

The first count of the declaration contained allegations in substance that the plaintiff was a tenant of the defendants of a tenement from which, "by reason of the Housing and Rent Act of 1947," he could not be dispossessed except upon certain grounds, including the ground that the "landlord 'seeks in good faith to recover possession for his own immediate and personal use and occupancy as a housing accommodation'"; that the defendants, falsely pretending that they in good faith desired the tenement for their own immediate and personal use and occupancy, caused a notice to quit to be served on the plaintiff and brought and prosecuted to judgment and execution in their favor an action of summary process against him; that after stays of execution granted him in the summary process action, he purchased a home "by reason of the pressure exerted upon him by said judgment and execution" and vacated the defendants' tenement; that the defendants did not occupy the tenement but sold the property; that subsequently he first learned of the defendants' "misrepresentation and fraud" and on a writ of review secured a reversal of the judgment in the summary process action and a finding in his favor therein; that the defendants "illegally evicted" him from their tenement; and that he suffered damage thereby.

Gabriel *v.* Borowy.

The second count of the declaration contained allegations similar to those of the first count, and also allegations that the bringing of the summary process action "constituted an abuse of process in that the said defendants never intended to occupy . . . [their tenement] themselves but in fact resorted to such process in order to render the premises more readily saleable . . . and that they thereby used a legal process for a purpose other than that for which it was intended"; and that the plaintiff was damaged "by reason of said abuse of process."

The third count of the declaration contained allegations in substance that the plaintiff was a tenant of the defendants of a tenement from which, "by reason of the Housing and Rent Act of 1947," he could not be dispossessed except upon certain grounds, including the ground that the "landlord 'seeks in good faith to recover possession for his own immediate and personal use and occupany as a housing accommodation'"; that the defendants caused a notice to quit to be served on the plaintiff, "falsely representing to said plaintiff that the defendants intended to occupy . . . [the tenement] personally"; that the defendants knew that such representation was false and made it with intent that he should act on it; that the defendants brought an action of summary process against the plaintiff, at the hearing of which they "again represented to the plaintiff and to the court that they desired the eviction of the plaintiff . . . on the ground that they . . . personally and in good faith desired immediate occupancy of . . . [the tenement] for their own personal occupancy"; that the defendants knew that such representations "to both the plaintiff and to the court" were false and made them "with the intent that the plaintiff and the court should act thereon"; that the plaintiff, "believing said representations to be true and relying thereon submitted to judgment being entered for the defendants, as landlords, in the said action of summary process"; that after stays of execution in the summary process action "the plaintiff still being unable to find housing accommodations and acting under the pressure of the

judgment and execution outstanding, as aforesaid, and still believing and relying upon the representations falsely made by the defendants . . . was compelled by force of circumstances to purchase a house in order to provide living quarters for himself and his family and thereafter was obliged to incur expenses by the employment of counsel to bring an action of summary process against a tenant occupying the house purchased by him to secure housing accommodations therein"; that "in order to buy said house the plaintiff had to pay for the same a price far beyond its real value and to employ funds for the purchase of said house which he had accumulated for other purposes, namely, to educate his children in schools of higher learning, which by reason of the conduct of the defendants, aforesaid, the plaintiff is now unable to do"; that the plaintiff first learned of the defendants' "deceit and fraud" after he had purchased the house and had vacated their tenement; and that "by reason of the deceit and fraud practised upon the plaintiff, as aforesaid, he suffered great pain, anguish and worriment over the future housing of himself and his family and [was] put to great expense in procuring new housing accommodations and . . . [suffered] great financial loss, all to his damage."

A demurrer to all counts of the declaration was sustained by *Donahue*, J.

. *R. A. A. Comparone*, for the plaintiff, submitted a brief.
No argument nor brief for the defendants.

RONAN, J. This is an action of tort to recover damages by a tenant against two landlords arising from their bringing an action of summary process to recover possession of the tenement which the defendants falsely and fraudulently represented they were bringing "in good faith to recover possession of such housing accommodations for . . . [their] immediate and personal use and occupancy as housing accommodations" as permitted by the housing and rent act of 1947, U. S. C. (1946 ed.) Sup. I, Title 50, Appendix, § 1899 (a) (2). The plaintiff excepted to the sustaining of a demurrer to all counts of the declaration.

We overruled the plaintiff's exceptions to the sustaining of a demurrer in a previous action, *Gabriel* v. *Borowy*, 324 Mass. 231, and ordered judgment for the defendants, but that judgment does not bar the plaintiff from maintaining the present action, even if based upon the same transaction as the first action, for reasons fully discussed in *Hacker* v. *Beck*, 325 Mass. 594.

The first count in the instant declaration, which the plaintiff describes as one for damages for an illegal eviction, alleges that the defendant landlords, after serving upon him a notice to quit, brought an action of summary process in a District Court falsely representing that they desired the premises for their own use, which the present plaintiff believed to be true; that in that action judgment was entered for the defendant landlords; that a stay of execution was granted at the plaintiff's request; that he then vacated the premises; that upon his subsequently discovering the fraud of the defendants, the judgment for possession was reversed and the court found for the plaintiff — the defendant in the summary process action; and that the defendants by the aforesaid conduct have illegally evicted the plaintiff from the tenement.

This count does not allege that the plaintiff was physically ousted from the premises, or that these defendants entered upon the premises or did anything upon or about the premises that interfered with or deprived the plaintiff of their use or enjoyment. Nothing of that character is alleged. The only wrong complained of is the commencement and maintenance by the defendants of an action of summary process against the plaintiff which finally resulted in a judgment for the plaintiff, which proceedings were brought and prosecuted by the defendants upon the false and fraudulent basis that they desired the premises for their own use. Where it was recently contended by a former tenant that bringing an action of summary process in consequence of which the tenant vacated was a tortious eviction because the landlord did not intend to occupy the premises himself, it was said that "the tort could hardly be described

Gabriel *v.* Borowy.

as an eviction." *Noyes* v. *Shanahan,* 325 Mass. 601, 603. *Sher* v. *Perlman,* 324 Mass. 390, 392. This count, in so far as it purports to set forth a cause of action for an illegal eviction, is no better than was a similar count in the previous action which we decided was not "ample to permit him to maintain an action for a wrongful eviction." *Gabriel* v. *Borowy,* 324 Mass. 231, 235. The demurrer as to this count was rightly sustained.

The second count, it is contended, is sufficient to set forth a cause of action for abuse of process. The writ was brought for no other purpose than to secure possession of the plaintiff's tenement, which was the sole purpose for which the writ was authorized and designed. That the count does not set forth a cause of action for abuse of process is settled by *Gabriel* v. *Borowy,* 324 Mass. 231, 236, and cases cited. *Noyes* v. *Shanahan,* 325 Mass. 601, 604–605, and cases cited.

The third count sets forth all the essential elements for a cause of action in deceit. It sufficiently alleges the making of a material misrepresentation of fact by the defendants, which they knew to be false, with the intent that the plaintiff should rely upon it, which the plaintiff did to his damage. *Kilroy* v. *Barron, ante,* 464.

It follows that the demurrer was rightly sustained as to the first two counts but that there was error in sustaining the demurrer as to the third count, and that the exceptions must be sustained as to the ruling on this count.

*So ordered.*