**SMITH v. BOZZI et al.**

**No. 1097.**

Municipal Court of Appeals for the District of Columbia.

Argued July 23, 1951.

Decided Sept. 19, 1951.

Leonard B. Sussholz, Washington, D. C., (Jacob N. Halper and Jack Steinberg, Washington, D. C., on the brief), for appellant.

Leonard C. Collins, Washington, D. C., for appellees Bozzi.

Joseph J. Urciolo, Washington, D. C., for appellee Urciolo.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff first sued defendants for damages for wrongful eviction and for deceit. After her complaint had been dismissed for insufficiency, she filed an amended complaint for wrongful eviction only. She claimed in her amended complaint that two of the defendants, acting for themselves and for the third defendant, had commenced landlord and tenant proceedings against her to gain possession of premises which she had rented and which she was using as a rooming house. The ground for the eviction proceedings was that defendants Bozzi sought in good faith to recover possession of the property for their immediate and personal use and occupancy as a dwelling under the District of Columbia Emergency Rent Act.[1] Plaintiff also alleged that although she defended the suit she did not then know defendants did not intend to occupy the premises. Defendants never occupied the property but instead, immediately after plaintiff had vacated, sold it to others. Plaintiff alleged further that she quit the premises after one eviction order of the landlord-tenant court had expired and because of threats that others would be obtained and she would be forcibly evicted. She also alleged that the allegations of defendants were false, were known by them to be false, and were made for the purpose of inducing plaintiff to forego her defense to the landlord and tenant proceedings, and further, that she believed the representations of defendants and relied upon them in quitting the premises. She alleged finally that defendants had acted maliciously, wantonly, and recklessly. She claimed actual and punitive damages. On motion of defendants the trial court dismissed the amended complaint. Plaintiff appeals.

In Simpkins v. Brooks, D.C.Mun. App., 49 A.2d 549, we held that allegations in a complaint closely paralleling those involved here did not make out a case of unlawful eviction. In that case the tenant left the premises as a result of a stipulation signed by himself and his attorney and in compliance with the resulting judgment, upon which, however, no writ of restitution was issued. Here a writ of restitution was issued but plaintiff was not evicted under it and it expired. Plaintiff left the premises, according to the allegations of the amended complaint, because of threats that other writs would be obtained and that she would be forcibly evicted. This did not constitute a wrongful eviction.

Similar questions arose under the federal Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq, providing that no actions to recover possession of any "controlled" housing accommodations were maintainable against a tenant who continued to pay his rent unless the landlord sought in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations. It was held that that Act, like our Emergency Rent Act, did not provide any civil remedy to a tenant who had been wrongfully dispossessed.[2] It

1. Code 1940 Supp. VII, 45–1605(b) (2).

2. Leidy v. Connor, D.C.E.D.Pa., 70 F. Supp. 1022; Fleming v. Posternock. D.C. E.D.Pa., 71 F.Supp. 821.

has also been held generally that the wrongful ousting of a tenant under this statute did not furnish grounds for an action for wrongful eviction, malicious prosecution, or abuse of process.[3]

■ Plaintiff herself elected in her amended complaint to drop her claim of deceit, advanced in her original complaint, but, as we held in Simpkins v. Brooks, supra, neither we nor the trial court are bound by the title of the complaint, and plaintiff would be entitled to a trial if she had stated a cause of action, by whatever name she called it.

■ We have concluded, however, that plaintiff has not stated a cause of action for fraud or deceit. All of her allegations with respect to fraud have to do with the representations made by defendants in the landlord and tenant court. That action, according to the present complaint, was contested by the present plaintiff. No effort has been made to attack directly the judgment of the landlord and tenant court either by appeal or by a motion to reopen. According to the allegations of the present complaint, plaintiff left the premises because of threats of the present defendants that they would obtain a further writ of restitution.

■ Unless the tenant vacates the premises *in reliance* on misrepresentations of the landlord made directly to him rather than in an eviction action which has proceeded to judgment, there can be no recovery in fraud or deceit.[4] There are decisions of lower courts of other jurisdictions apparently holding to the contrary[5] but we think the better rule is the one stated.

We deem it appropriate to call attention to the fact that both New York and Massachusetts have attempted to fill the apparent gap in the law which previously existed in those states and which still exists in the District of Columbia. New York passed a statute providing that a tenant who had been evicted by a judgment or order granted upon the ground that the landlord sought in good faith to recover possession of the dwelling for his immediate and personal use shall be entitled to recover damages if the landlord does not within thirty days occupy the premises or if he shall within a year rent the premises to a third person.[6] The statutory provision in Massachusetts pertinent to the subject makes one who recovers possession of a tenement by the misrepresentations that he desires it for his own occupancy guilty of contempt.[7] Amendments to the federal Housing and Rent Act of 1947, enacted July 31, 1951, Public Law 96, 82d Congress, Chapter 275, 1st Session, S. 1717, now permit an action by a tenant for unlawful eviction and provide that any person who lawfully gains possession from a tenant of any controlled housing accommodations and thereafter fails fully to comply with such requirements or conditions as may have been imposed for such possession by the provisions of the Act, or any regulation, order or requirement thereunder, shall also be deemed to have unlawfully evicted such tenant and shall be liable to the tenant or to the United States, as further provided in the Act. The District of Columbia Emergency Rent Act was amended June 30, 1951, Public Law 63, 82d Congress, Chapter 192, 1st Session, S.1590, but contains no similar provision.

Affirmed.

3. Noyes v. Shanahan, 325 Mass. 601, 91 N. E.2d 841; Rosner v. Textile Binding & Trimming Co., 300 N.Y. 319, 90 N.E.2d 481; Gabriel v. Borowy, 324 Mass. 231, 85 N.E.2d 435; Gabriel v. Borowy, 326 Mass. 667, 96 N.E.2d 243.

4. Noyes v. Shanahan, supra; David v. Fayman, 298 N.Y. 669, 82 N.E.2d 404; Rosenbluth v. Sackadorf, 298 N.Y. 761, 83 N.E.2d 158; Gabriel v. Borowy, 324 Mass. 231, 85 N.E.2d 435; 62 Harv.L. Rev. 153 (1948); cf. Gabriel v. Borowy, 326 Mass. 667, 96 N.E.2d 243, where the judgment of eviction was itself reversed;

Kilroy v. Barron, 326 Mass. 464, 95 N.E. 2d 190.

5. Murphy v. T. B. O'Toole, Inc., Del. Super., 76 A.2d 313; Lyster v. Berberich, 3 N.J.Super. 78, 65 A.2d 632; see Reid v. Brown, 49 A.2d 311, 24 N.J.Misc. 350.

6. Civil Practice Act, § 1444-a, N.Y.Laws. 1948, c. 213, § 1. See H. Kauffman & Sons Saddlery Co v. Miller, 298 N.Y. 38, 80 N.E.2d 322, as to commercial property.

7. Gabriel v. Borowy, 324 Mass. 231, 85 N. E.2d 435.