### HENRY W. STEWART v. GEORGE S. GRIER.

#### Arbitration by Submission—Award—Avoidance—Costs.

When by consent of parties their controversies, including all matters of account, claims, debts, or demands which they may have against each other and then in dispute, are submitted to arbitrators selected and agreed upon by them without a rule of reference out of court, the arbitrators thus appointed are the judges of all items in controversy whether legal or equitable, and both parties are bound in law by the award, unless there be good grounds shown for avoiding the same.

In such an arbitration any matter in question in the nature of a partnership account between the parties is subject to the determination of the arbitrators.

The award of arbitrators in such a case, when by the terms of the articles of submission, if it was made within the time limited it should be final and conclusive, will be confirmed by the court, unless good cause be shown for avoidance.

Any material error or defect apparent on the face of such an award as misconduct or mistake of the arbitrators in making their award in such a case may not be shown in bar of an action at law for nonperformance of the award, but the remedy must be pursued in equity.

The failure of the arbitrators to be duly sworn or affirmed before proceeding in the arbitration will vitiate the award.

The parties to arbitration having bound themselves in a certain sum to abide the award, said sum is in the nature of a penalty and no greater amount can be collected than the amount specified in the award with interest from the date of the award.

The power of awarding the costs of the arbitration was necessarily incident to the authority conferred on the arbitrators, though not mentioned in the articles of submission. Comegys, C. J., dissents.

(<em>Sussex, October 12, 1886.</em>)

ACTION OF DEBT on an arbitration bond.

After the plaintiff rested counsel for the defendant moved a non-suit on the following grounds: First, because by the terms of

the agreement to submit their differences to the said arbitration, the plaintiff agreed to discontinue the suit he had already instituted in this Court against the defendant which he has not done. Second, that the arbitrators were within twenty days after the hearing to report in writing. Third, that it was not proved that Mr. Evans was appointed by the other two arbitrators to act as an arbitrator with him. Fourth, there was no proof that the arbitrators were sworn.

THE COURT refused the motion for a non-suit.

*James R. Lofland* and *Charles M. Cullen*, for the plaintiff:

*Charles F. Richards* and *Jacob Moore*, for the defendant:

HOUSTON, J., charged the jury:

That the law was favorable to the arbitration and this method of determining legal controversies and disputes out of Court by the mutual consent of the parties to submit them to the arbitration of persons agreed upon between them, and when it is done without a rule of reference out of Court, or any intervention by the Court, as in this case, the arbitrators become the judges and the tribunal of their own selection and creation for this purpose, and for that reason, unless there be good grounds shown for refusing to abide by their decision, both parties are bound in law to comply with it, and when, as in this case, the submission to arbitration is of all matters in difference between the parties, it includes all matters of account, claims, debts, or demands, which they may have against each other, and then in dispute and unsettled between them; and as some question was started on this point in the argument by the council for the defendant, we will say that we know of no reason why it should not include any equitable, as well as legal claims or demand then in dispute and unsettled between the parties, since in its nature it is no more a legal than an equitable tribunal created and established by the act and consent of the parties, and not under the constitution or any statutory provision of the State, and, therefore, we think, if under the terms of the submission in this case, there was any matter in question in the nature of a partnership account between the parties submitted with other claims or demands by them, or either of them, to the consideration and determination of the

arbitrators, it was as competent for them to entertain and pass upon it, as upon any other matter of account, claim or demand then subsisting between the parties and submitted to them for their consideration and determination, for the authority and jurisdiction conferred upon them for that purpose, was solely by the will and consent of the parties, and without the intenvention of any Court of law or equity in the State in which such distinctions are observable and constitute an important line of division between this respective jurisdiction, as a general principle.

Not only by the express terms of the submission the award if made within the time limited in it, was to be final and conclusive; but the tendency of modern jurisprudence is to give force, conclusiveness and effect to all awards where there is no corruption or misconduct on the part of the arbitrators, and where no deception has been practiced upon them; such has long been the practice in the Courts of this State. In defence, however, of an action on the award, or for not performing the award, or in defence of an action on a bond conditioned for the performance of the award, and for not performing it, as in this case, the defendant may avail himself of any material error or defect apparent on the face of the award; such as excess of power by the arbitrators; as by omitting to consider a matter submitted, and it is material to the award: or want of certainty to a common intent; or a plain mistake of law, as for instance, as allowing a claim for freight when the ship had never broken ground, and the like. In regard to corruption or other misconduct or mistake of the arbitrators in making their award, the common law seems not to have permitted them to be shown in bar of an action at law for non-performance of the award; but the remedy must be pursued in equity. But in this country, in those States where the jurisdiction in equity is not general, and does not afford complete relief in such cases, it has been held that if arbitrators act corruptly, or commit gross errors or mistakes in making their award, or take into consideration matter not submitted to them, or omit to consider matters which were submitted, or the award be obtained by any fraudulent practices, or suppression of evidence by the prevailing party, the defendant may plead and prove any of these matters in bar of an action at law to enforce the award. In practice where no suit is pending arbitrations are

now generally entered into under the statutes enacted for the pur-
pose of making the submission a rule of court; and in all cases
where the submission is made a rule of Court, the Court will gen-
erally administer relief whenever it could be administered in equity.
Such is the doctrine on the subject announced by Mr. Greenleaf in
the second volume of his work on evidence, section seventy-eight,
on the authority of the numerous cases cited in his notes to the
section in support of it. But the arbitration in this case was not
made a rule of Court, and was not intended to be returned to any
other tribunal whatever for examination, approval or comfirmation
of the award made by the arbitrators; while at the same time it
should be observed that we have a Court of Chancery wherein the
the jurisdiction in equity is general, and which can afford complete
relief in such cases as he refers to. But it is not necessary to pursue
this principle or inquiry any further in this case for the submission
and the award of the arbitrators are in evidence before the Court
and jury, and as there is no material error or defect apparent on
the face of the award, such as we have before mentioned and there
is no proof of corruption or other misconduct or mistake of the
arbitrators in making it; and we must therefore say to you that no
such ground appears or has been shown for impeaching or denying
the validity and conclusiveness of it.

There is however, another matter on which the counsel for
the defendant has asked the Court to charge the jury that if the
plaintiff in the progress of the trial failed to prove by the testi-
mony of any witness in the case, to the satisfaction of the jury,
that the arbitrators before proceeding in the arbitration, were duly
sworn, or affirmed, if they had conscientious scruples against taking
an oath, as such to try the case, he could not recover in the action.
In response to which the Court would say to them that if in the
recollection of the jury there was not sufficient testimony before
them to satify them of the fact that before proceeding to the hear-
ing of the case the arbitrators had been so duly sworn or affirmed,
the plaintiff could not recover, and their verdict should be for the
defendant; but if on the contrary, the jury should be satisfied
from any testimony in the case they were so sworn or affirmed to
try the case, then their verdict should be for the plaintiff. And this
brings us to the question presented by the counsel for the plaintiff

in the argument, if for the plaintiff for what amount the verdict shall be. The agreement to submit the matters in difference between them to arbitration is under the hands and seals of the parties respectively and contains an express stipulation by which each bound himself to the other in the penal sum of six hundred dollars to abide by and perform the award of the arbitrators; and although upon the face of the instrument and in view of the facts proved in this case before us, it is not free from doubt whether the parties intended that the sum of six hundred dollars stated in it should constitute what is termed in law as strictly a penalty, or on the contrary, what are termed liquidated damages. The counsel for the plaintiff have contended for the latter construction, and that the words used must in this case be construed to mean stipulated damages and not a penalty; and yet among the rules of law which have been established on the subject, it has been generally held that where it is doubtful by the language of the instrument whether the stipulation was intended as a penalty or as liquidated damages, the stipulation is to be considered a penalty merely. Besides we do not think there has been anything disclosed in this case to bring it within the principle ruled on this question in the case cited by the counsel for the plaintiff, for we apprehend there could have been nothing in the character of the counter claims, debts and demands subsisting between the parties to this arbitration which could have prevented or seriously embarrassed the arbitrators in fixing the measure by which they were to ascertain and determine the amount of damages to be awarded to the plaintiff, or the actual amount due to him from the defendant on a full and final adjustment and settlement of the mutual accounts and demands of the parties according to the evidence before them. We therefore instruct the jury that the plaintiff cannot recover the six hundred dollars demanded by him as liquidated damages, or more than the sum awarded him by the arbitrators, with interest thereon from the date of the award. Upon the question raised by the counsel for the defendant in the argument whether the arbitrators without any authority conferred upon them for that purpose by the terms of the submission had any power or discretion with respect to the costs of the arbitration or to award among other things, as was done by them in this case, that the costs of the arbitration amounting to

twenty-two dollars and twenty-four cents, should be paid by the defendant, it is proper for me to say that after consultation the members of the Court offer in opinion a majority, however, holding that the power of awarding the costs of the arbitration was necessarily incident to the authority conferred on the arbitrators of determining the cause; and also such a trial by arbitration as this was is not in the matter of the legal costs properly incident to it, is not in terms provided for in our general statute in regard to costs in civil actions, it is certainly embraced in the long established and reasonable rule and policy of it, that " generally a party for whom final judgment is given, in any civil action, or on a writ of error upon a judgment in such action, shall recover against the adverse party costs of suit, to be awarded by the court." According to the broad and comprehensive language of the act. But notwithstanding there is some contrariety in the rulings upon this question both in England and in this country, the better opinion, and the weight of the decisions, especially in this country, the majority of the Court think are in accordance with the principle which I have just announced. *Kyd. on Awards*, 100; *Watt. on Arbitrat.*, 11 Law Libi., 89; 1 Steph., N. P., 151; *Atchison v. Corgey*, 9 E. C. L., 380; *Roe I. Wood v. Doe*, 2 T. R., 644; *Alling v. Munson*, 2 Conn., 691; *Strang v. Ferguson*, 14 Johns, 161; *Dew v. Exton*, 1 South, 173; *Joy v. Simpson*, 2 N. H., 179; *Cox v. Jager*, 2 Cow., 638; *Lewis v. England*, 4 Binn., 5; *Buckley v. Ellmaker*, 13 Serg. & R., 78; *Young v. Shock*, 4 Raudu., 299; *Nicholas v. Ins. Co.*, 22 Wend., 125; *Wood v. O'Kelly*, 9 East, 426. We have therefore only to say to you in conclusion that if you find a verdict for plaintiff it should be for the amount of the award with interest thereon from the date of it and the costs of the arbitration, twenty-two dollars and forty-two cents.

COMEGYS, C. J. The defence to this action is put upon two grounds—First, That no proof was made of any notice to the defendant of the making of the report by the arbitrators; nor that it was made within the time (twenty days) after the hearing, fixed by the articles of submission. Second, That there was no sufficient proof that the arbitrators were sworn, as provided by the articles, before entering upon the discharge of their duties. With respect

to these respective grounds, we say to the jury that the articles of agreement contain no provisions for notice to either party. In the absence of such, no notice was required by law to be given by Stewart to Grier; for in cases of arbitration mutually agreed upon by the parties, each of them is in legal contemplation cognizant of all that takes place; in other words, has notice of the proceedings, or is bound to take notice of them from the beginning to the end. And we further say, in relation to the second ground, that while the statement in the report of the arbitrators that they were sworn (in pursuance of the requirements of the submission), is not in itself sufficient proof of that fact, yet when supplemented by the testimony of a witness who swears to their qualification, there is ample evidence that the arbitrators were sworn. The defendant confidently contends that there was no such supplementary proof; while the plaintiff is equally sure that there was, and that it was made by the arbitrator, Robert H. Davis.

In case of such contention, the question is usually settled by the notes of the Judge trying the case; but we have no notes upon the subject, neither is our recollection clear about it. Therefore, the question must necessarily be submitted to your recollection; and if such recollection be that Mr. Davis said the arbitrators were sworn, there is an end to the controversy, and the second ground of defence to the action fails. Should your minds be satisfied, upon the subject of proof that the arbitrators were sworn, and you find that they were sworn, then your sole duty is to decide upon the amount the plaintiff is entitled to recover from the defendant, for there is no other defence to the action relied on. The plaintiff contends that he has a right to a verdict at your hands for six hundred; while the defendant denies this, insisting that he can recover nothing. If you think he should have a verdict, but the sum of two hundred and two dollars and ninety-four cents found to be due him by the arbitrators. A settlement of this dispute depends upon the nature of this case. Ordinarily a party in whose favor an award is made (I am not speaking of awards on submissions in Court or by statute), is entitled to this amount of it, and also the costs he has incurred. But this is not a case of such award, but that of one made in pursuance of articles of agreement; and as they contain no provision for the payment of expenses, the decision with re-

spect to them is a nullity. If, therefore, you should adopt the defendant's view and confine the recovery to the award and not extend it to the provision in the articles for stipulated damages, the plaintiff can recover nothing but the sum of two hundred and two dollars and ninety-four cents, but by way of damages for the detention of his debt, you may give him and he is entitled to have interest from the making of the award till this day. But the plaintiff insists that he is entitled to recover from the defendant the sum of six hundred dollars, upon the ground that such sum is fixed and agreed upon between the parties in their submission to arbitration, and as for the damages to be recovered each from the other, for a breach of the mutual covenant or agreement in the articles, to pay the sum awarded to be due by the arbitrators. This contention is opposed by the defendant, in whose behalf it is claimed that the verdict in this case (if any be given for the plaintiff) must be limited to the debt, or indebtedness, of the defendant to the plaintiff, as found and reported by the arbitrators. This difference between the parties makes it necessary that we should charge you upon the subject of agreements for fixed, or stipulated damages. It is not a very uncommon thing for parties entering into a contract, especially where the measure of damages for the breach of it would be difficult to ascertain, to stipulate, as they may lawfully do for a certain sum as such measure. When this is done, if suit be brought upon the instrument to recover the damages agreed upon (which are known as stipulated or ascertained damages), and breach of the stipulation be shown, the party complaining of the breach is entitled to a verdict for the amount, provided he has brought proper action therefore, and in the statement of his case, have unequivocally shown that he bases his claim absolutely upon such stipulation. In this case there appears to be two grounds upon which the verdict in his recovery (if you give him a verdict) should not be benefitted by the stipulation for fixed damages. The first is, that it is not in our opinion absolutely certain, as it should be, that the parties intended in this case that the one should recover against the other the full sum of six hundred dollars for the breach of the agreement; for the reason that the sum is characterized in the instrument as well as "penal sum," as "ascertained and liquidated damages." While this in itself, might not be sufficient to fix the

25

sum as a penalty; yet the form of action adopted is debt, and not covenant, the former not being a fit action for the recovery of damages, however resulting, but the latter the appropriate one where, as in this case, the action is upon a sealed instrument. Besides all this, the form of the breach in the declaration, taking it in its entirety is the same as that used in suits to recover for damages sustained by reason of breaches of the condition of bonds with collateral conditions brought under our statute, the judgment in such cases being for the penalty on account of the forfeiture of the bond. We can not, consistently, instruct you that the plaintiff is entitled to recover the sum of six hundred dollars, in view of the considerations, but sum only of two hundred and two dollars and ninety-four cents, with interest from the date of the award.

Verdict for the plaintiff.