**RUCKMAN AND HANSEN, INC., an Indiana corporation, Plaintiff Below, Appellant,**

v.

**The DELAWARE RIVER AND BAY AUTHORITY, a body politic, Defendant Below, Appellee.**

Supreme Court of Delaware.

June 26, 1968.

H. James Conaway of Young, Conaway, Stargatt & Taylor, Wilmington, for appellant.

James L. Latchum of Potter, Anderson & Carroon, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the dismissal of appellant's second cause of action for breach of contract.* The second cause of action alleges that various actions of the Delaware River and Bay Authority (Authority) and its Director were breaches of Contract No. 107B between it and Ruckman and Hansen, Inc. (Ruckman) which greatly increased Ruckman's costs to the extent of $1,672,141.

As a result of competitive bidding, Ruckman was the successful bidder for the construction of five piers of the Twin Delaware Memorial Bridge at a total contract price of $1,383,250. The invitation to bid and the instructions to bidders included the design, specifications, plans and requirements for the job. Ruckman's bid was based upon these.

It is alleged that upon commencing work Ruckman immediately encountered difficulty with the plans, specifications and requirements of the Authority. Allegedly, the job could not be performed in accordance with them. Ruckman accordingly, of necessity, had to redesign portions of the job at its own expense. Likewise, it is charged that numerous drastic changes were made in the job by the Authority, all of which greatly increased Ruckman's costs in an amount almost equal to the amount of the original contract price.

Contract No. 107B contained, *inter alia,* Standard Specification 1.5.1, which is as follows:

"The Director shall act as referee in all questions arising under the terms of the Contract between the parties hereto, and the decision of the Director shall be final and binding. On all questions concerning the interpretation of Plans and Specifications, the acceptabil-

---

* The first cause of action is based upon constructive fraud and was dismissed for lack of jurisdiction in the Superior Court but without prejudice to the transferral of the cause under 10 Del.C. § 1901 to the Court of Chancery, where it is now pending.

ity, quality, quantity of materials or machinery furnished and work performed, the classification of materials, the execution of the work and the determination of payment due or to become due, the decision of the Director shall be final and binding."

Pursuant to 1.5.1, Ruckman submitted to the Director of the Authority for decision all the claims which form the basis for its second cause of action. Ruckman, represented by counsel, appeared at extensive hearings before the Director and presented its claims. The Director rendered a written decision awarding $137,-586.16 of the $1,672,141 requested by Ruckman.

Ruckman argues: (1) That the Authority's plans and specifications should be sufficient for the purpose and when they turn out not to be, or are changed by the Authority, a breach of warranty results which may not be determined by the Director; (2) that the magnitude of the many changes constitutes a "cardinal change" and, as such, is a breach of the contract; (3) that the Director's decision, itself, is a breach of contract; and (4) that the power given the Director by 1.5.1 of the Standard Specifications does not cover the questions involved in this case.

We think, however, this case is governed by Wilson Contracting Co. v. State, Del., 224 A.2d 396, by which we affirmed an unreported decision of the Superior Court, Wilson Contracting Co., Inc. v. State of Delaware, C.A. No. 248. We have since caused the Superior Court Opinion to be reported. 243 A.2d 65. Applying this decision to the case at bar, it is apparent that Ruckman's argument is without merit. In the *Wilson* case the contract involved contained Standard Specification No. 27, identical to 1.5.1 of the contract in question, providing for binding arbitration of disputes arising under the contract.

In the *Wilson* case the claims were that the Highway Department had failed to acquire needed rights-of-way, rights-of-entry, and to relocate utilities so as not to interfere with the performance of the contract. It was held that these were questions "arising under the terms of [the] contract" and had been finally determined, absent any question of fraud, by the decision of the arbitrator, the Chief Engineer.

We think the matters in dispute in the *Wilson* case do not differ fundamentally from those in dispute in the case at bar. The latter is, therefore, governed by the decision in the former.

As a matter of fact, it has long been the law of Delaware that when parties to a contract agree to submit differences arising under that contract to an arbitrator, his decision, in the absence of fraud, is final and will not be re-examined by a court. Crumlish v. Wilmington & W. Ry. Co., 5 Del.Ch. 270; Stewart v. Grier, 7 Houst. 378, 32 A. 328.

The judgment below is affirmed.