**KUHN CONSTRUCTION COMPANY, a corporation of the State of Delaware, Plaintiff,**

**v.**

**The STATE of Delaware, Acting Through Henry T. PRICE, Chairman; Lemuel H. Hickman, Vice-Chairman; Thurman Adams, Jr.; William J. Francis; William G. Dorsey; C. Wardon Gass; Frank H. Mackie, Jr.; William R. Murray; George M. Nelson; Elmer Pratt; and Walter J. Wheatley, who constitute the State Highway Department of the State of Delaware, Defendant.**

Superior Court of Delaware.

New Castle.

Nov. 26, 1968.

Emmett J. Conte, Jr., and Daniel B. Ferry, Wilmington, for plaintiff.

S. Samuel Arsht, and David A. Drexler, Wilmington, for defendant.

## OPINION

CHRISTIE, Judge.

Plaintiff, Kuhn Construction Company, has brought this action against the State Highway Department in connection with a contract for the construction of a dike, spill-way and pumping station at Port Mahon, Kent County, Delaware. According to the complaint plaintiff was awarded the job at a contract price of $139,125.00. The complaint further alleges in substance that:

### First Cause of Action

After credit for payments received and various adjustments in the contract price to reflect the work actually performed, a balance of $8,000.00 remains due on the completed job under the contract.

### Second Cause of Action

1. Because of errors in the original plans it was necessary to delay the project two months, to prepare revised plans re-

quiring a seven foot instead of a six foot dike, and to rework a substantial part of the dike as to which extra compensation of $8,421.24 is due.

2. As a result of errors in the specifications as to the pumping station and a submarine cable, a work stoppage was necessary, electrical installations had to be re-located, and certain work had to be redone as to which extra compensation of $7,561.-27 is due.

3. A pump motor was removed and repaired and reinstalled at defendant's request for which extra compensation in the amount of $777.70 is due.

Without filing an answer defendant moved for summary judgment as to both causes of action. The motion was accompanied by an affidavit of defendant's construction engineer. Thereafter, plaintiff filed a motion for summary judgment on the first cause of action and a motion to amend the complaint to allege fraud.

*I*

As to the first cause of action, the defendant in effect admits that an amount of $7,447.05 is due and owing on the contract but further points out that plaintiff has refused to accept this sum in view of the provision of the Standard Specifications, binding the parties to the contract, by which acceptance of the last payment under the contract operates as a release of all claims for liability in connection with the contract.

Plaintiff contends that if this provision prevents collection of an amount admitted to be due until all other claims arising out of extra work connected with the contract are settled, litigated or abandoned, such provision is inequitable and unenforceable. Plaintiff relies on the dicta in the case of Lichter v. Bowaters Southern Paper Corporation, 1 Storey 492, 148 A.2d 671 (1959). This case lends little support to plaintiff's contention since the case dealt with whether or not interest was due on funds withheld under a contract provision requiring payment within forty days after the completion of the work. Plaintiff cited no other authority on this contention although contract provisions similar to the question are often found in construction contracts.

■■■ The obvious intent of the provisions that final payment acts as a final release is to encourage prompt settlement of differences between the contracting parties, to prevent claims from being asserted after final settlement and to assure the Highway Department that it will retain clear title to the land by receiving route releases of liens. It is argued in effect that it is unfair to permit the Highway Department to withhold money it admits to be due just because the contractor is also claiming compensation for what it regards as additional work the contractor says it was asked to do in connection with the same contract. However, plaintiff agreed to these provisions in advance and the provisions are not so unfair as to be unenforceable as against public policy. Furthermore, the Court is not free to rewrite contracts because they contain inequities.

■■■ I find plaintiff's contention that the claims for so called "extra work" are outside the general provisions of the contract to be without merit.

■■■ I hold that the provisions requiring that final payment act as a final release find application to all the claims here asserted even though such claims may have been asserted by the contractor and already in process of litigation at the time final payment would otherwise be due. Thus, the Highway Department may withhold final payment pending final disposition of disputes arising in connection with the contract.

■■■ Partial summary judgment on this cause of action will, however, be entered under Civil Rule 56(d), Del.C.Ann. to the extent that it is noted that no dispute exists as to $7,447.05 of the amount alleged to be due and any final judgment entered

in this case will take into account such sum is due as soon as plaintiff is in a position to release all other claims.

The Court takes no position at this stage of the proceedings as to whether plaintiff is entitled to interest on the funds withheld. It is hoped that the parties will now stipulate the release of these funds to the plaintiff upon an exchange of releases as to all claims except those presently involved in this litigation and the issue of interest on the money withheld.

## II

Defendant takes the position that all the claims contained in the second cause of action fall within the broad statutory and contractual grants of authority under which the Director of Operations of the Highway Department is designated as the one to make the final decisions in all matters of performance of contracts, and as to all questions of compensation. The pertinent statute provides:

"The execution and performance of all contracts awarded by the Department shall be under the charge of the Director of Operations, and his decision shall, in all matters concerning the performance of the work and the compliance of [sic] the terms of the contract, be final." 17 Del.C. § 152

In addition, the Standard Specifications provide:

"*Article 5.1 Authority of the Director:* —All work shall be done under the supervision of the Director and performed to his satisfaction. He shall decide all questions which may arise as to the quality and acceptability of materials furnished and work performed and as to the manner of performance and rate of progress of the work; all questions which may arise as to the interpretation of the plans and specifications; all questions as to the acceptable fulfillment of the contract on the part of the contractors; *and all questions as to compensa-* *tion.* His decision shall be final and he shall have executive authority to enforce and make effective such decisions and orders as the contractor fails to carry out promptly." [Emphasis added]

Plaintiff contends that the quoted provisions find no application to the claims here presented since, says plaintiff, substantially all of these claims are for "extra work" made necessary by the Department's mistakes or changes in its own plans and specifications.

■ I find plaintiff's contention as to the non-application of the quoted provisions to be without merit. The contracts let by the Highway Department contain by way of the Standard Specifications elaborate provisions as to how extra work will be ordered and paid for. These provisions assign the Director important responsibilities in connection with extra work. I hold that whether the claims are based on extra work or are based on other provisions of the contract, the claims here at issue are covered by the quoted provisions of the statute and specifications.

The evidence indicates that plaintiff presented the claims in writing to the Highway Department, attention of a named individual, who was not the Director of Operations. These claims were denied in papers signed by the Department's construction engineer and not by the Director of Operations.

■ Plaintiff maintains that since it is not apparent from the face of the papers denying the claims that the claims were acted on by the designated arbitrator it is not bound by the decision. The plaintiff can gain nothing of value by this contention since, if it has not exhausted its administrative remedies, it may not bring the matter into Court; and if it has exhausted its administrative remedies, the contract provides in effect that the administrative decison is binding upon the contractor.

However, to explore the matter further, the Standard Specifications provide gener-

ally that the Director may act directly or "through the Chief Engineer or through authorized agents" and further that the Director shall "carry out and cause to be performed all general and specific duties within his jurisdiction * * *" The Department contends that these general provisions authorize the Director to act through others in carrying out his duties as arbitrator.

The Director is assigned a great many rights and duties in the Standard Specifications which may properly be delegated. The right to act as arbitrator and to pass final judgment on major disputes between the contractors and the Department is a very special right and personal duty. Under Delaware decisions this right may involve major contract questions involving large sums of money. Such decisions may be in lieu of a Court proceeding and to a major degree the firms contracting with the Highway Department must depend on the integrity of the Director in such matters. The wisdom and fairness of such decision may also depend on the experience, knowledge and sense of responsibility of the arbitrator.

It is required in the contract that a contractor agree in advance to one man arbitration by a named responsible official of the Highway Department. It is not required that any such dispute may be finally decided by anyone such official may choose to assign to the job. I am of the opinion that the general power of the Director to delegate his duties was not intended to carry with it the power to delegate his special designation as arbitrator of disputed claims with contractors.

It appears, then, that the administrative rejections of plaintiff's claims may be technically defective because there is no showing that these decisions were in fact made by or approved by the Director. Circumstances strongly indicate that the rejections signed by the construction engineer working under the direction of the Director were approved by the Director. Fur-

thermore, it was suggested at oral argument that if the dispute were now submitted to the Director he would come to the same conclusion as that announced by his Department through its construction engineer.

Plaintiff did not demand a hearing on its claims nor did it request that the Director personally consider its requests for compensation. Plaintiff did not object to the absence of the Director's signature when the notices that the claims had been rejected were received more than eighteen months ago. Under all the circumstances, a waiver of any irregularity which may have existed as to the administrative procedures is deemed to have taken place and in any case there has been no prejudice to plaintiff.

I hold that any defect in the administrative decisions on the claims before the Court are without pertinent legal significance under the special circumstances of these proceedings.

I also hold that the administrative decisions are binding on the parties in the absence of fraud. See Ruckman & Hansen, Inc. v. Delaware River and Bay Authority, 244 A.2d 277 (Del.Sup.1968); Wilson Contracting Co., Inc. v. State, 243 A.2d 65 (Super.Ct.1965) affirmed in Wilson Contracting Co. v. State, 224 A.2d 396 (1966) where similar rulings were made under contract provisions which differed only slightly from the provisions before the Court.

### III

Plaintiff also seeks to amend the complaint so as to allege constructive fraud on the part of the Highway Department in connection with the rejection of the claims. Defendant opposes the amendment on the basis that the proposed amendment does not allege fraud with the specificity required by Superior Court Rule 9(b).

There has been no answer filed. The Court in its discretion will allow the

amendment to the pleading. Civil Rule 15(a). The Court will not now pass on the contention that the pleading of fraud is not sufficiently specific since it appears that such pleading should be judged by Chancery standards.

■ Defendant contends that if the amended complaint states an action based on fraud, such action must be brought in or transferred to the Court of Chancery. The remaining complaint as amended purports to state a claim of action on account of alleged fraud of the arbitrator. Under Delaware law the Court of Chancery has exclusive jurisdiction in such cases. This view was most recently reaffirmed in the unreported decision by Judge McNeilly of this Court in Ruckman & Hansen, Inc. v. Delaware River and Bay Authority, Civil Action No. 167, Del.Super.Ct. Aug. 25, 1967. This ruling is referred to without comment by the Supreme Court in an opinion dealing with an appeal of other issues, 244 A.2d 277 (Del.Sup.1968). See also authorities cited in the Superior Court opinion: 3 Pomeroy's Equity Jurisprudence (5th ed) § 912 [919c]; Jessup and Moore Paper Co. v. A. S. Reed & Bros. Co., 10 Del.Ch. 146, 87 A. 1011 (1913); Thompson's Lessee v. Watson, 2 Del.Cases 610 (Ct. of Errors and Appeals 1821). Plaintiff points out that Superior Court Civil Rule 9(b) makes specific reference to allegations of fraud and that several Delaware cases clearly hold that Superior Court has jurisdiction ..ı cases involving fraud. See for example Cochran v. F. H. Smith Co., 20 Del.Ch. 159, 174 A. 119 (1934).

I conclude that Superior Court now has at least concurrent jurisdiction with Chancery in cases where fraud is alleged and money damages for the fraud of a party are sought. The distinguishing feature in this case and in the Ruckman case, supra, is that the fraud alleged is that of an arbitrator not appointed by a Court but agreed upon in advance by contract. In such case a party is in effect seeking to be relieved of the consequences of his own agreement to be bound by the act of the arbitrator.

Judge McNeilly has held that this particular field of alleged fraud is still within the exclusive jurisdiction of the Court of Chancery in Delaware and I regard his opinion as persuasive in this matter.

\* \* \* \* \* \*

Partial summary judgment in favor of plaintiff in the first cause of action as to the amount admittedly due under the contract will be noted. Final judgment thereon is to be entered when the other issues are resolved if the funds are not theretofore paid over.

Defendant's motion for summary judgment on the other claims stated in the unamended complaint will be granted.

Plaintiff's motion to amend the complaint will be granted and the cause of action which plaintiff has attempted to state in the amended complaint will be dismissed for lack of jurisdiction in this Court. Such dismissal will be delayed for twenty days to permit plaintiff to seek transfer to the Court of Chancery.

Defendant is requested to prepare and present an appropriate order in connection with all of these rulings.