**JAMES JULIAN, INC., Plaintiff,**

v.

**Clifford E. HALL et al., Defendants.**

Superior Court of Delaware,
New Castle.

Oct. 3, 1975.

Andrew G. T. Moore, II, Killoran & VanBrunt, Wilmington, for plaintiff.

Regina M. Small, Dept. of Justice, Wilmington, for defendants.

BALICK, Judge:

In this action plaintiff, a highway construction firm, asserts various claims for damages relating to contracts with the State for construction of two stretches of I-95. The State has filed a motion to dismiss for failure to exhaust the administrative remedy. The parties have agreed that the court can decide the factual issues raised by the motion on the record without a hearing.

The State's motion is based on the following statute:

> The execution and performance of all contracts awarded by the Department shall be under the charge of the Secretary of Highways and Transportation, and his decision shall be final in all matters concerning the performance of the work and compliance with the terms of the contract. 17 Del.C. § 152.

There has been no decision by the Secretary. Plaintiff nevertheless contends that the State's motion should be denied on the following grounds: first, the statute is void because it would limit the constitutional jurisdiction of Superior Court; second, the agreements to arbitrate are not enforceable; third, the amendment of the statute substituting the Secretary for the Director of Operations may not constitutionally effect existing contracts; and fourth, plaintiff is entitled to relief in this court because of administrative delay.

■ Plaintiff's first contention is based on the constitutional provision giving Superior Court jurisdiction of "all causes of a civil nature . . . at common law." Art. IV, Const. of 1897, § 7; *Du-Pont v. DuPont*, Del.Supr., 216 A.2d 674, 679 (1966). There was apparently no right of action against the sovereign on contracts at common law. *George & Lynch, Inc. v. State*, Del.Supr., 197 A.2d 734, 736 (1964). Moreover, whatever the doctrine at common law, if we assume, as the Supreme Court did in *George & Lynch,*

*Inc. v. State,* that the Constitution of Delaware, Art. I, Const. of 1897, § 9, establishes sovereign immunity in contract actions unless otherwise provided by legislative enactment, *Shellhorn & Hill, Inc. v. State,* Del.Supr., 187 A.2d 71 (1962), it follows that the legislature may provide an administrative remedy for contractors with the State.

Plaintiff's second contention is based on the following standard specification, which is incorporated into the contracts:

The Director of Operations shall act as referee in all questions arising under the terms of this contract between the parties hereto, and the decision of the Director of Operations shall be final and binding. On all questions concerning interpretation of plans and the Standard Specifications, the acceptability, quality, and quantity of materials or machinery furnished and work performed, the classification of material, the execution of work and the determination of payment due or to become due, the decision of the Director of Operations shall be final and binding.

Plaintiff contends that this specification is an agreement to arbitrate and that such agreements are not enforceable before award or where the agreed arbitrator is unavailable. When these contracts were made, the statute provided for decision by the Director of Operations. In the reorganization of state government in 1970, that position was abolished and the statute was amended to provide for decision by the Secretary instead. 57 Del.Laws (1970), Chs. 514, 671, § 1B. The specification apparently attempts to incorporate the requirement of the statute into the contracts. It cannot change the fact that administrative resolution of contract claims is not a matter of mutual assent but a statutory requirement. Cases cited by plaintiff interpreting agreements to arbitrate therefore do not apply.

Plaintiff's third contention is based on the constitutional prohibition against impairing the obligation of contracts. Art. I, U.S.Const., § 10. Neither the statute nor the contracts provide for resolution by a specific person, but rather by the incumbent of an administrative position. The statutory qualifications of the Director of Operations were similar to those of the Secretary; namely, qualification as chief administrator of the department. 53 Del. Laws (1961), Ch. 39, § 1, p. 72; 29 Del.C. § 8403(a). The change in the administrative officer deciding the claims does not cause a substantial impairment of remedy. See 3 Corbin on Contracts § 551.

Nor does the disqualification of the Director of Highways from participation in the decision of these claims deprive plaintiff of the right to a decision by a person with technical expertise. Unlike the Director of Highways, 29 Del.C. § 8404(2), the Director of Operations was not required by statute to be qualified as a professional engineer. Moreover, if he needs the opinon of a technical expert in performing his non-delegable statutory duty of deciding the claims, *Kuhn Construction Company v. State,* Del.Super., 248 A.2d 612, 616 (1968), and it is not available within the department from anyone but the Director of Highways, the Secretary has the power to obtain it elsewhere. 29 Del.C. § 8404.

Turning to plaintiff's fourth contention, failure to exhaust an administrative remedy may be excused if it has proven inadequate because of unreasonable delay, thus defeating one of the main purposes of administrative remedies. 3 Davis, Administrative Law Treatise § 20.07. But the court will not lightly disregard the longstanding legislative policy in Delaware

of administrative determination of claims under public work contracts. 29 Del.Laws (1917), Ch. 63, § 13.

The delay in deciding these claims, which were presented in 1969 and 1970. is unacceptable. Yet the record does not support plaintiff's contention that the administrators have intentionally avoided deciding them because of the magnitude of the claims. The parties tried to negotiate a settlement, seeking a commitment from the federal government, which funded 90 per cent of the original projects, to similarly fund any payment in settlement of these claims. Since the governmental reorganization of 1970, there has been disagreement about the proper officer to decide the claims. The State was apparently reluctant to attempt to proceed without plaintiff's agreement and cooperation; and when it finally did, plaintiff objected and filed this action. In short, because of its fear, which this court concludes is not supported by the record, that the claims will not receive honest and fair consideration, plaintiff has been unwilling to submit to the administrative decision-making process and has thus contributed to the delay.

The present Secretary has testified that he is willing to promptly decide the claims. In spite of the unfortunate delay thus far, we can nevertheless expect resolution of the claims sooner by administrative, rather than judicial, process. I therefore conclude that the court will best accomplish the legislative policy, while at the same time giving plaintiff assurance of prompt administrative action, by dismissing this action, but giving plaintiff leave to move to vacate the dismissal if the claims are not decided within six months.

Counsel may present an order.