# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Carlos Adorno, Anthony Osburn,
Penelope Bailey, Carl Bailey,
Hemendra Patel, Lea A. Daniels,
Lurita Daniels, Leroy Daniels,
Marcia Cole, and Sharon Jackson,

        Appellants,

      v.

John H. Cordrey, Commissioner and
Individually, Office of Alcohol and
Beverage Control Commissioner
(OABCC), Department of Homeland
Security (DHS), State of Delaware,
DHVANI, Inc. T/A City Liquors,
VRNS, LLC, Jigarkumar Patel,
Vinod Patel,

        Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N20A-01-005 CLS

Date Submitted: September 17, 2020
Date Decided: October 1, 2020

*Upon Appellees DHVANI, Inc. and Jigarkumar Patel's*
*Motion to Dismiss*
**Granted.**

## ORDER

Lea A. Daniels, Laurita A. Daniels, Leroy Daniels, Sharon Jackson, Marcia Cole, Carlos Adorno, Penelope Bailey, Carl Bailey, Anthony Osburn, and Hemandra Patel, Wilmington, Delaware, Appellants.

Lydia E. York, Esquire, L. E. YORK LAW, LLC, Wilmington, Delaware, Attorney for Appellees DHVANI, Inc. and Jigarkumar Patel.

**SCOTT, J.**

Before the Court is DHVANI, Inc. and Jigarkumar Patel's ("DHVANI") Motion to Dismiss Appellants Carlos Adorno, Anthony Osburn, Penelope Bailey, Carl Bailey, Hemendra Patel, Lea A. Daniels, Lurita Daniels, Leroy Daniels, Marcia Cole, and Sharon Jackson's ("Adorno, et al.") Notice of Appeal. For the following reasons, DHVANI's Motion to Dismiss is GRANTED. Adorno, et. al's Appeal is dismissed.

## Background

On July 25, 2019, DHVANI submitted an application with Alcoholic Beverage Control Commissioner John H. Cordrey (the "Commissioner") to open a liquor store.[1] On October 28, 2019, the Commissioner issued conditional approval of the application.[2]

On December 11, 2019, the Commissioner, after a thorough review of the issues raised, published a Decision (the "Decision") and issued a license to DHVANI.[3]

On January 10, 2020, Adorno, et al. filed a Notice of Appeal (the "Appeal") with this Court. On February 27, 2020, DHVANI filed a Motion to Dismiss.

---

[1] Adorno, et al.'s Resp. To DHVANI's Motion to Dismiss, Ex. B (ABC Commissioner's December 11, 2019 Decision).
[2] *Id.*
[3] *Id.*

1

On March 3, 2020, this Court sent a letter to the parties and requested a response to DHVANI's Motion to Dismiss on or before March 20, 2020. On March 16, 2020, Adorno, et al. filed a letter and requested an extension to file a response. On March 17, 2020, this Court extended the response deadline to April 20, 2020. On June 9, 2020, after various letters from Adorno, et al., this Court extended the response deadline to June 14, 2020. On June 17, 2020, Adorno, et al. filed their Response to DHVANI's Motion to Dismiss ("Adorno, et al.'s Response").

On September 10, 2020, DHVANI sent a letter to the Court and requested additional time to respond to Adorno, et al.'s Response. Since the issue in this matter turns on procedure and timing of the appeal, and the Court has sufficient grounds to make a determination as to these issues, the Court sent DHVANI a letter on September 17, 2020 that stated DHVANI's request to file a Reply was denied.

## Parties' Assertions

DHVANI moves to dismiss Adorno, et al.'s Notice of Appeal (the "Appeal") on the grounds that the Appeal is fatally defective.[4] DHVANI argues that Adorno, et al. did not follow proper legal procedure for appealing a decision of the Commissioner and claims that Adorno, et al. are, in effect, attempting to circumvent

---

[4] DHVANI's Mot. to Dismiss at ¶ 5.

the statutorily prescribed procedural process in appealing decisions by the Commissioner.[5]

In their Response to DHVANI's Motion to Dismiss, Adorno, et al. claimed that the Commissioner and the Office of Alcohol and Beverage Control Commissioner ("OABCC") "proceeded in an unauthorized manner; abused of discretion; and [in] bad faith"[6] and argues that *Levinson v. Delaware Comp. Rating Bureau* provides this Court the basis for accepting jurisdiction notwithstanding the existence of an administrative remedy.[7]

On March 18, 2020, Laura L. Gerard, Esq., a Deputy Attorney General from the Delaware Department of Justice representing the Commissioner and the OABCC, responded to DHVANI's Motion to Dismiss and asserted that the reasons to dismiss in DHVANI's Motion to Dismiss are legally correct.[8]

## Standard of Review

When deciding a Superior Court Civil Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in

---

[5] *Id.* at ¶ 7.
[6] Adorno, et al.'s Resp. To DHVANI's Mot. to Dismiss at ¶ 1.
[7] *Id.* at ¶ 2.
[8] D.I. 17.

the light most favorable to the non-moving party.[9] The Court will dismiss a complaint if it is meritless as a matter of fact or law.[10] If a plaintiff can recover under any conceivable set of circumstances susceptible to proof under the complaint, the Court will deny the motion to dismiss.[11]

An appeal from the Delaware Alcoholic Beverage Control Commissioner ("DABCC") is governed by the Delaware Administrative Procedures Act ("DAPA").[12] Under the DAPA, this Court's role on appeal is limited to determining whether the **Appeals Commission's decision** reflects a proper application of the law and is supported by substantial evidence in the record.[13]

Delaware has adopted the doctrine of exhaustion of administrative remedies.[14] A judicially created rule, the doctrine requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy

---

[9] *Yu v. GSM Nation, LLC,* 2018 WL 2272708, at *4 (Del. Super. Apr. 24, 2018).

[10] *Diehl-Guerrero v. Hardy Boys Construction, LLC,* 2017 WL 886786, at *2 (Del. Super. Feb. 28, 2017) (citing *Diamond State Tel. Co. v. Univ. of Delaware,* 269 A.2d 52, 58 (Del. 1970)).

[11] *Id.* (citing *Ramunno v. Cawley,* 705 A.2d 1029, 1034 (Del. 1998)).

[12] 29 *Del. C.* § 10161(a)(1).

[13] *Newsome v. DABCC,* C.A. No. 94A-10-003, Ridgely, P.J., (Del.Super. July 27, 1995) at 5, *(citing* 29 *Del. C.* § 10142(d) (1997)), *rev'd on other grounds,* 670 A.2d 906 (Del.1996); *Bellevue Management Assoc. v. DABCC,* C.A. No. 80A-MY-10, Bifferato, J. (Del.Super.Aug. 5, 1981) at 1. (emphasis added).

[14] *Levinson v. Delaware Comp. Rating Bureau, Inc.,* 616 A.2d 1182, 1186 (Del. 1992) (referencing *James Julian, Inc. v. Hall,* 349 A.2d 750, 752–753 (Del. Super. 1975); *Murphy v. T.B. O'Toole, Inc.,* 76 A.2d 313, 314 (Del. Super. 1950)).

before the courts will either review any action by the agency or provide an independent remedy.[15] The policy which sustains the doctrine is one of maintaining the proper relationship between the courts and administrative agencies[16] It accomplishes this by: (1) favoring a preliminary administrative sifting process, especially when matters at issue are largely within the expertise of the involved agency; (2) avoiding interference with the administrative agency by withholding judicial action until the administrative process has run its course; and (3) preventing attempts to burden the courts by a resort to them in the first instance.[17] It applies only where a claim must be initiated before an administrative agency which has exclusive jurisdiction over the matter and is able to provide an adequate remedy.[18]

---

[15] *Id.* (referencing 2 Am.Jur.2d *Administrative Law* § 595 (1962); *see also* 73 C.J.S. *Public Administrative Law and Procedure* § 38 (1983)).
[16] *Id.* (referencing 2 Am.Jur.2d Administrative Law § 595 (1962)).
[17] *Id.*
[18] *Id.* (referencing *Eastern Shore Natural Gas Co. v. Stauffer Chemical Co.*, 298 A.2d 322, 325 (Del. 1972) (doctrine of exhaustion of administrative remedies requires that a claim be initiated before an administrative agency prior to judicial review); *Scarborough v. Mayor and Council of the Town of Cheswold*, 303 A.2d 701, 703–704 (Del. Ch. 1973) (doctrine of exhaustion of administrative remedies only applies where the administrative remedy is exclusive of any judicial remedy and when the administrative remedy is "substantially equivalent" to that sought in court)).

## Discussion

The issue to be decided is whether Adorno, et al. are entitled to Superior Court appellate review of the Commissioner's Decision to issue DHVANI a license to operate as a package liquor store.

The relevant statute for appeal of a decision of the ABC Commissioner is described in 4 *Del. C.* § 304(b). It provides:

> **The Commissioner's decision shall be final and conclusive unless,** within 30 days after notice thereof has been mailed by the Commissioner's office, **a party** to such hearing **files an appeal in the office of the Commissioner**. Upon receipt of the appeal, the Commissioner shall cause the Chairperson of the Appeals Commission to be advised of the pending appeal and the Chairperson shall cause the Commission to be convened with at least 20 days notice to all parties. **The appeal shall be heard by the Appeals Commission,** who shall, in accordance with the Administrative Procedures Act, Title 29 of the Delaware Code, review the matter on the record and affirm, reverse or modify the decision of the Commissioner.

According to 4 *Del. C.* § 304(b), the Commissioner refers the matter, after an appeal is filed with the OABCC, to the Chairperson of the Appeals Commission. After the Chairperson is advised of the pending appeal, the Chairperson coordinates and causes the Appeals Commission to convene to review the Appeal on the record to affirm, reverse, or modify the decision of the Commissioner. A party can only file

6

an appeal with the Superior Court after a decision is made by the Appeals Commission.[19]

*Levinson v. Delaware Comp. Rating Bureau*[20] does not support Adorno, et al.'s position. In *Levinson*, the Delaware Compensation Rating Bureau ("DCRB") filed an application with the Delaware Insurance Commissioner and requested an increase in workers' compensation rates. The Delaware Insurance Commissioner issued an order that disapproved of the application.[21] The DCRB did not request a hearing to be held on the application within the twenty (20) day timeframe given to DCRB. Instead, DCRB filed a complaint, seeking declaratory judgment, in Superior Court and subsequently dismissed the complaint and filed an appeal. After applying the doctrine of exhaustion of administrative remedies, the Delaware Supreme Court found that the matter was presented to the Superior Court prematurely and that DCRB had to exhaust the administrative remedy before applying to the Delaware Superior Court.

Here, a nearly identical situation has emerged. DHVANI filed an application with the Commissioner for approval of a package retail liquor store. The Commissioner granted a conditional license for DHVANI to begin renovations to

---

[19] 4 *Del. C.* § 541(d) ("A party who is aggrieved by a final decision of the Appeals Commission may file a written appeal with the Superior Court within 30 days of the date that the Appeals Commission's decision was mailed.").
[20] *Levinson v. Delaware Comp. Rating Bureau, Inc.*, 616 A.2d 1182 (Del. 1992).
[21] *Id.* at 1185.

7

the retail space. On December 11, 2019, the Commissioner issued the Decision that granted the application and issued a license. Under Delaware law, Adorno, et al. was supposed to file an Appeal with the OABCC within 30 days of December 11, 2019. The filing deadline for the Appeal Commission's review of Adorno, et al.'s appeal of the Commissioner's Decision closed on or around January 10, 2020. Adorno, et al. did not file an appeal with the OABBC Office and instead filed their Appeal in the Delaware Superior Court on January 10, 2020. Adorno, et al., by failing to file an appeal with the OABCC, did not request a hearing with the Appeals Commission to be held on the application within the thirty (30) day timeframe.[22]

Adorno, et al. can only file an appeal with this Court after a decision is made by the Appeals Commission.[23] The Appeals Commission did not render a decision, therefore this Court dismisses Adorno, et al.'s Appeal.

## Conclusion

For the forgoing reasons, DHVANI's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**

---

[22] 4 *Del. C.* § 403(b) ("The Commissioner's decision shall be final and conclusive unless, within 30 days after notice thereof has been mailed by the Commissioner's office, a party to such hearing files an appeal in the office of the Commissioner.").
[23] 4 *Del. C.* § 541(d) ("A party who is aggrieved by a final decision of the Appeals Commission may file a written appeal with the Superior Court within 30 days of the date that the Appeals Commission's decision was mailed.").

8